IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-05-0415 |
| CALVIN SAVOY, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM ORDER

Now pending before the Court is Defendant Calvin Savoy's Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act. (Mot. Reduce Sentence, ECF No. 239.) For the reasons set forth below, the Court will deny Savoy's motion.

*I.   Background*

On September 14, 2005, Savoy was charged with one count of conspiracy to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 846 (Count One), as well as one count of possession and discharge of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c) (Count Four). On the day trial was scheduled to begin, the Government filed a sentencing enhancement notice under 21 U.S.C. § 851, which meant that if convicted, Savoy would face a mandatory life sentence. (ECF No. 134.) At the close of trial, the jury found Savoy guilty of both counts. (ECF No. 137.) The Court subsequently imposed a mandatory life sentence as to Count One, and ten years consecutive as to Count Four. (ECF No. 148.)

Savoy appealed and the Fourth Circuit affirmed his conviction on Count One but vacated his conviction on Count Four. *United States v. Savoy*, 315 F. App'x 464 (4th Cir. 2009). In explaining its decision with respect to Count Four, the court stated that there was insufficient

evidence to conclude that Savoy was "furthering the conspiracy when he shot a police officer during a nightclub brawl." *Id.* at 469.

On February 10, 2020, Savoy filed a motion for a sentence reduction under the First Step Act. (Mot. Reduce Sentence.) The Government opposes the motion. (Opp'n Mem., ECF No. 241.) The parties agree that Savoy is eligible to move for relief under the First Step Act but disagree as to whether a reduction is appropriate in light of the relevant sentencing factors.[1] (Mot. Reduce Sentence at 4–7; Opp'n Mem. at 1.)

## *II.     Sentencing Factors*

In determining the relevant Federal Sentencing Guidelines, the Court notes Savoy's calculations as to the likely penalties he would face if prosecuted today,[2] but for the purposes of this case only, the Court adopts the Government's position that the applicable guidelines range is 360 months to life. (*See* Supp. Opp'n Mem., ECF No. 249.)

In considering whether a sentence reduction is appropriate, the Court has the authority and responsibility to apply all of the 18 U.S.C. § 3553(a) factors. First, considering the "history and characteristics" of the defendant, Savoy has multiple prior convictions, mostly drug related, that resulted in a designation of criminal history category VI at sentencing. (PSR ¶¶ 34–38.) This criminal history is significant and weighs against granting a reduction.

As for the "nature and circumstances" of the offense, Savoy was part of a drug conspiracy that "regularly used firearms as well as brute violence", and Savoy personally participated in this

---

[1] Although the Government opposes any sentence reduction, it concedes that as a result of statutory changes to 21 U.S.C. §§ 841(b)(1)(A)–(B), the Court is no longer bound by the mandatory life sentence that applied at Savoy's original sentencing. (Opp'n Mem. at 14.) Instead, the Government contends that the relevant statutory range for the purposes of this motion is 10 years to life. (*Id.*)

[2] Savoy contends that he would face a guidelines range of 210 to 262 months if prosecuted today. (Mot. Reduce Sentence at 12.) Savoy's calculation is based on the fact that Savoy would no longer qualify as a career offender under *United States v. Norman*, 935 F.3d 232, 239 (4th Cir. 2019), and it is unlikely that the Government would elect to file a § 851 notice today. (Mot. Reduce Sentence at 9–10.)

2

violent conduct. (*Id.* ¶¶ 9, 10.) Most significantly, in 2004, Savoy "shot and attempted to kill" a police officer at the scene of a bar brawl.[3] (*Id.* ¶ 10.) During the incident, when the officer and a third individual were wrestling on the ground, Savoy "stood over [the officer] and attempted to fire[] directly at the [o]fficer with a gun that Savoy possessed." (*Id.* ¶ 12.) The gun misfired, but when the officer began chasing the third individual on foot, "Savoy aimed his gun [at the officer] again and fired." (*Id.*) This time, the gun fired correctly and the officer was hit in the arm. (*Id.*) The nature and circumstances of this offense strongly weigh against granting a sentence reduction. Considering the "seriousness of the offense," the Court finds the offense was unquestionably serious by virtue of the facts described herein.

As for the need for "adequate deterrence," a substantial term of incarceration is warranted to dissuade Savoy and others from this sort of serious misconduct. The Court also finds that the need to "protect the public" is a significant factor in this sentence because of Savoy's criminal history and violent conduct.

Regarding the "need to avoid unwarranted sentencing disparities" among defendants with similar records and culpability, the Court has carefully considered the penalties imposed on others with similar records in similar and dissimilar cases. This includes the cases cited by Savoy, which largely involve defendants who pled guilty to murder and received sentences shorter than the life

---

[3] Although the Fourth Circuit concluded that there was insufficient evidence for a reasonable jury to conclude that Savoy's shooting of the police officer was done "in furtherance of the conspiracy," the court did not question the jury's determination that Savoy shot the officer. *Savoy*, 315 F. App'x at 469. Indeed, Savoy explicitly does not contest that he did, nor does Savoy argue that the Court cannot consider this conduct when evaluating Savoy's First Step Act motion. (*See* Reply at 11, ECF No. 248.)

sentence that Savoy is currently serving. (*See* Mot. Reduce Sentence at 12–14.) The Court notes that none of these cases involved a defendant who intentionally shot a law enforcement officer.

As for Savoy's post-sentencing conduct, Savoy's record is mixed. During the time he has been in BOP custody, Savoy has earned his GED and become a tutor to his fellow inmates working to earn their GEDs. (*See* ECF Nos. 239-1, 239-3, 239-4, 239-5.) His work has earned him a "Tutor of the Quarter" award. (ECF No. 239-6.) He has also participated in a range of programming. (*See* ECF Nos. 239-1, 239-8, 239-9.) On the other hand, Savoy has had seven disciplinary infractions, though none involved violence or fighting. (ECF No. 241-1.) "Training and treatment" are not significant factors in this sentencing decision.

Taking under advisement the Federal Sentencing Guidelines, the Court has concluded that a guidelines sentence in this case is 360 months to life. Application of all relevant considerations, including the § 3553(a) factors as referenced above, causes the Court to conclude that no sentence reduction is warranted. Although, as Savoy notes, a life sentence is one of the most severe penalties under the law, the collective circumstances here—in particular, Savoy's lengthy criminal history, his membership in a violent drug conspiracy, and the fact that he intentionally shot a police officer—suggests that such a sentence is warranted. The Court notes that it would reach this conclusion even if the guidelines were computed differently at this late stage.

### III. Conclusion

For the reasons set forth above, the Court DENIES Savoy's Motion for Imposition of a Reduced Sentence (ECF No. 239).

DATED this 25th day of August, 2020.

4

BY THE COURT:

*[signature]*

James K. Bredar
Chief Judge